UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIKHAIL YUSIM,

                Plaintiff,

   -against-                                    **MEMORANDUM AND ORDER**

SOCIAL SECURITY ADMINISTRATION,         12-CV-117 (SLT)

                Defendant.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

On January 9, 2012, plaintiff Mikhail Yusim, appearing *pro se*, commenced this action against the Social Security Administration ("SSA") by filing a two-page complaint and six pages of excerpts from documents generated by the SSA in connection with his application for disability benefits. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for purposes of this Memorandum and Order. However, for the reasons set forth below, this Court dismisses this action without prejudice for lack of subject-matter jurisdiction.

## *BACKGROUND*

The following facts are drawn from plaintiff's complaint or deduced from the documents attached thereto. On September 6, 2011, plaintiff went to a local SSA office and scheduled an appointment to apply for Social Security Disability Income ("SSDI") benefits (Complaint at 1). That appointment took place on October 3, 2011 (*id.*). According to an "Application Summary for Disability Insurance Benefits" – the first page of which is among the documents attached to

the complaint – plaintiff expressly told the SSA that he did not want to apply for Supplemental Security Income ("SSI") benefits.[1]

One week later, the SSA sent plaintiff a letter informing him that his application for SSI benefits had been denied. The first page of that letter, which is included among the documents attached to the complaint, stated that the application had been filed on September 12, 2011, and was being denied because plaintiff had too much income to be eligible for SSI. Plaintiff does not attach the entire letter – only pages 1 and 10-12 – and it is unclear whether the SSA ever adjudicated plaintiff's SSDI claim.

Although plaintiff never sought SSI, plaintiff apparently requested a hearing in connection with the denial of the SSI claim. On December 22, 2011, the SSA's Office of Disability Adjudication and Review sent plaintiff a letter containing information relating to that hearing. The first page, and the only page of that letter attached to the complaint, advised plaintiff that the SSA would "make every effort to schedule [the] hearing as soon as possible," but that there might be a delay. The letter then advised plaintiff, pursuant to the injunction entered by Judge Nickerson in *Martinez v. Califano*, No. 73 CV 900, 1985 WL 6079 (E.D.N.Y.

---

[1]Although both are administered by the SSA, SSDI and SSI are distinct disability benefit programs. SSDI allows workers who become disabled to receive their Social Security retirement benefits early, so eligibility depends on whether an applicant has sufficient credits based on taxable work to be insured for Social Security purposes. In contrast, SSI benefits are awarded based on an individual's demonstrated financial need, and an applicant's total countable income must be below listed Supplemental Security Income levels. *See* http://ssa-custhelp.ssa.gov/app/answers/detail/a_id/245/~/difference-between-social-security-disability-and-ssi-disability.

May 28, 1985), that if, "after requesting the status of [his] case," he believed that his case was being "delayed unreasonably," he could "apply to the United States District Court for relief, including interim benefits."

On January 9, 2012 – just over four months after he first visited the SSA office to schedule an appointment – plaintiff commenced this action. Plaintiff's complaint states that "[t]he jurisdiction of the court is invoked pursuant to . . . [the] Court opinion dated May 28, in Martinez . . . ," and principally seeks to "limit the time SSA Office of Disability Adjucation [*sic*] and Review takes to schedule [his] appearence [*sic*]" (Complaint at 2). The complaint specifically requests that this Court direct that plaintiff's hearing be held "no later than 60 days from the date" he requested his hearing (*id.*). In addition, the complaint seeks interim benefits, but alleges only that plaintiff is not working due to his disability and has "no income coming in" (*id.*).

## *DISCUSSION*

### A.  Standard of Review

Title 28, section 1915(e)(2)(B), of the United States Code provides that a district court "shall dismiss" an *in forma pauperis* action if "the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A court may also dismiss a complaint pursuant to . . . 28 U.S.C. § 1915(e)(2)(B) . . . if it determines that it plainly lacks jurisdiction . . . ." *Prince v. Social Sec. Admin.*, No.11-CV-4860 (CBA), 2011 WL 5884851, at *2 (E.D.N.Y. Nov. 22, 2011) (citing *McGann v. Commissioner*, 96 F.3d 28, 30 (2d Cir.1996)).

3

Indeed, a federal court has an independent obligation to examine the basis of its jurisdiction, *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## B. Subject-Matter Jurisdiction

In this case, the allegations in plaintiff's complaint and the exhibits attached thereto establish that this Court lacks subject-matter jurisdiction at this juncture. "The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action' in federal district court." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (quoting 42 U.S.C. § 405(g)). The Supreme Court has interpreted this language to mean that a "final decision" by the SSA is "a statutorily specified jurisdictional prerequisite" to review in federal court. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Although the Social Security Act does not define the term "final decision," courts have held that a final decision is rendered "when the

4

Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." *Pollard v. Halter*, 377 F.3d 183, 191 (2d Cir. 2004)). Since plaintiff is still awaiting a hearing before the ALJ, it is clear that plaintiff has not obtained a "final decision."

Under certain circumstances, this exhaustion requirement may be excused. For example, courts have excused a failure to exhaust upon finding "(1) that the claim is collateral to a demand for benefits, (2) that exhaustion would be futile, [or] (3) that plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996). However, "[e]xhaustion is the rule, waiver the exception." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir.1992).

Nothing in the complaint in this case suggests that plaintiff can make out any of these three grounds for excusing his failure to exhaust. First, plaintiff's claim is not collateral to a demand for benefits, but seeks benefits. Second, there is no basis to find that administrative review would be futile. To the contrary, the SSA has expressly informed plaintiff that it intends to hold a hearing, although that hearing might be delayed. Third, although the complaint represents that plaintiff has "no income coming in" (Complaint at 2), it also indicates that plaintiff did not apply for SSI. Indeed, plaintiff makes no effort to controvert the SSA's determination that he had too much income to qualify for SSI, but complains that the SSA merely "estimated [his] income" and violated his privacy rights by even "running [his] eligibility for SSI" (Complaint at 1).

## C. The Inapplicability of *Martinez v. Califano*

The sole basis for subject-matter jurisdiction alleged in the complaint is *Martinez v. Califano*, No. 73 CV 900, 1985 WL 6079 (E.D.N.Y. May 28, 1985) – the opinion to which the SSA referred in their December 22, 2011, letter to plaintiff. That case required the SSA to notify claimants awaiting hearings of the possibility of seeking injunctive relief in the case of "unreasonable delays." The case did not define what would constitute an unreasonable delay, and that term was not defined in the SSA's letter to plaintiff.

In the absence of any guidance, plaintiff has apparently assumed that 60 days from the date he requested the hearing would be a reasonable time. *See* Complaint at 2. However, district courts in this Circuit have held that delays of six months or a year are not unreasonable. *See Baptiste v. Commissioner of Social Sec.*, No. 09 Civ. 10178 (DLC), 2010 WL 2985197, at *2 (S.D.N.Y. July 27, 2010) (delay of six months did not constitute such an "unreasonable delay" as to require judicial review); *Fagan v. Barnhart*, No. 02 Civ. 8533 RCCMHD, 2005 WL 427575, at *4 (S.D.N.Y. Feb. 23, 2005) (no unreasonable delay where a claimant received a final determination on her claim within less than one year after her request for a hearing); *Saltares v. Bowen*, 711 F.Supp. 162, 165 (S.D.N.Y.1989) (finding one year between remand and final determination not unreasonable). Accordingly, while plaintiff may be able to rely on *Martinez* in seeking injunctive relief at some point in the future, he cannot obtain any relief under *Martinez* at this juncture – about one month after the SSA acknowledged plaintiff's request for a hearing.

## *CONCLUSION*

Since plaintiff's complaint indicates that plaintiff has not obtained a "final decision" from the Commissioner of Social Security, this Court lacks subject-matter jurisdiction at this juncture.

*See* 28 U.S.C. § 405(g); *Weinberger*, 422 U.S. at 766. Accordingly, this action is dismissed without prejudice to renewing this action (1) if plaintiff can allege a basis for excusing his failure to exhaust his administrative remedies or (2) if the SSA fails to conduct a hearing within a reasonable time.² The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Sandra L. Townes/

/SANDRA L. TOWNES
United States District Judge

Dated: January 23, 2012
Brooklyn, New York

---

²Nothing herein prevents plaintiff from returning to his local SSA office, explaining that he never applied for SSI benefits, and attempting to file another claim for SSDI. Plaintiff is advised that while his appeal of the denial of SSI benefits may ultimately result in a remand for consideration of his SSDI claim, it will not result in the grant of the SSDI benefits he seeks.

7